{¶ 36} I must respectfully dissent, for I believe both the trial court and the majority have impermissibly shifted the burden in a motion to suppress onto the wrong shoulders.
 {¶ 37} It is uncontroverted that appellant had consumed vast quantities of drugs and alcohol prior to his encounters with the authorities. The record would suggest that the mix included acid, Valium, and beer in quantities sufficient to justify the police search of his apartment on an "overdose" theory. As a matter of law, you cannot have it both ways. If the "overdose" was sufficient to justify the search, it most clearly is sufficient to bring into question the ability of one to waive their constitutional rights.
 {¶ 38} As stated by the United States Supreme Court, a waiver of the constitutionally protected right to remain silent must "have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it."[1]
 {¶ 39} The majority stresses that appellant failed to produce evidence as to the potency of the drugs involved and the effect they had on his mental capacity. I would respectfully suggest, as a matter of law, that the burden of proving a LACK OF EFFECT is on the state in this matter. In a motion to suppress, "the state carries the burden of proving the voluntariness of a confession by a preponderance of the evidence."[2]
Thus, the state was required to support the voluntariness of the statement by proving appellant was capable of waiving his right to remain silent.
 {¶ 40} As a matter of law, a police officer expressing the opinion that someone being discharged from a hospital following a drug overdose is "alright" in a constitutional sense is insufficient. There is no medical testimony in this record to support the proposition that appellant made a knowing and intelligent decision to waive a constitutional right. To the contrary, the evidence suggests he did not. Most significantly, the majority is correct when they state "[w]e have neither the judicial wherewithal nor the clinical data to make such an inferential leap." They are right. Therefore, absent clinical data, the state has failed to carry its burden, and it was error to overrule the motion to suppress.
[1] Moran v. Burbine (1986), 475 U.S. 412.
[2] State v. Hill (1992), 64 Ohio St.3d 313, 318, citing Colorado v.Connely (1986), 479 U.S. 157.